Lorona Steiner Ducar, Ltd.
3003 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
Facsimile: (602) 277-7478

**Jess A. Lorona, #009186**
**Gregory E. McClure, #022587**
**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Jeffrey Michael Pataky**, an individual<br><br>Plaintiff,<br><br>-vs-<br><br>**City of Phoenix**, a political subdivision of the State of Arizona; **Phillip B. Gordon and Jane Doe Gordon**, husband and wife; **Frank Fairbanks and Jane Doe Fairbanks**, husband and wife; **Jack Harris and Jane Doe Harris**, husband and wife; **Steven Boeck and Jane Doe Boeck**, husband and wife; **Theron Quaas and Jane Doe Quaas**, husband and wife; **John and Jane Does I-X**;<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT** |

Plaintiff, JEFFREY MICHAEL PATAKY, by and through his counsel undersigned, hereby alleges as follows for his Complaint against Defendants:

## PARTIES AND JURISDICTION

1. Plaintiff, JEFFREY MICHAEL PATAKY ("Plaintiff"), is, at all times relevant, a resident of Maricopa County, Arizona.

2. Defendant, CITY OF PHOENIX, is, at all times relevant, a political subdivision of the State of Arizona, located in Maricopa County, Arizona.

3. Defendants, PHILLIP B. GORDON ("Mayor Gordon") and JANE DOE GORDON, are, at all times relevant, husband and wife residing in Maricopa County, Arizona. Defendant Phillip Gordon holds the position of Mayor in and for the City of Phoenix. All actions taken by Defendant Phillip Gordon were on behalf of the marital community.

4. Defendants, FRANK FAIRBANKS ("Mr. Fairbanks") and JANE DOE FAIRBANKS, are, at all times relevant, husband and wife residing in Maricopa County, Arizona. Defendant Frank Fairbanks holds the position of City Manager in and for the City of Phoenix. All actions taken by Defendant Frank Fairbanks were on behalf of the marital community.

5. Defendants, JACK HARRIS ("Chief Harris") and JANE DOE HARRIS, are, at all times relevant, husband and wife residing in Maricopa County, Arizona. Defendant Jack Harris holds the position of Chief of Police in and for the City of Phoenix. All actions taken by Defendant Jack Harris were on behalf of the marital community.

6. Defendants, STEVEN BOECK ("Boeck") and JANE DOE BOECK, are, at all times relevant, husband and wife residing in Maricopa County, Arizona. At all times relevant, Defendant Steven Boeck held a position with the City of Phoenix Police Department. All actions taken by Defendant Steven Boeck were on behalf of the marital community.

7. Defendants, THERON QUAAS ("Detective Quaas") and JANE DOE QUAAS, are, at all times relevant, husband and wife residing in Maricopa County, Arizona. At all times relevant, Defendant Quaas held the position of Detective in and for the City of Phoenix Police Department in the Family Investigations Bureau. All actions taken by Defendant Quaas were on behalf of the marital community.

8. Defendants, JOHN and JANE DOES I-X, are, at all times relevant to this Complaint, reside in Maricopa County, Arizona. Plaintiff will seek leave of the Court to add their true names once their identity has become known.

9. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

**GENERAL ALLEGATIONS**

11. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

12. In or about April, 2008, Plaintiff began posting information to a website known by the domain name http://www.badphoenixcops.com ("Badphoenixcops").

13. Plaintiff's postings initially dealt mainly with his malicious and unfair treatment by the City of Phoenix Police Department regarding a trumped up domestic violence offense.

14. Plaintiff has previously filed a separate Notice of Claim and litigation in the District Court for the District of Arizona under the caption, *Jeffrey M. Pataky v. City of Phoenix, et. al*, CV 09-534-PHX-DKD regarding this malicious and unfair treatment.

3

15. Upon information and belief, Chief Harris instructed members of the City of Phoenix Police Department to investigate Plaintiff as retaliation for his involvement with Badphoenixcops. Since Badphoenixcops inception, Plaintiff has been critical of Chief Harris and the short comings of his upper level management.

16. Upon information and belief, Chief Harris had become agitated by Plaintiff's continuing criticism.

17. Upon information and belief, Chief Harris instructed City of Phoenix Police Officers to open an investigation in Plaintiff's involvement with the website in an effort to silence Plaintiff and his criticism of Chief Harris.

18. Upon information and belief, officers acting under orders from Chief Harris began an investigation into Plaintiff.

19. On or about March 9, 2009, officers with the City of Phoenix Police Department's Special Investigations Division ("SID") requested a search warrant from Maricopa County Superior Court Judge Gary Donahoe to search the residence of Plaintiff.

20. Attached to the warrant, SID Officers indicated that Plaintiff was being investigated for involvement in offenses including Computer Tampering (a violation of A.R.S. § 13-2316.A.5, a class 5 felony); and Theft-Controls Property of Another Knowing or Having Reason to Know that the Property was Stolen (A.R.S. 13-1802.A.5, a class 1 misdemeanor) occurring between July 15, 2008 and February 9, 2009.

4

21. The search warrant affidavit obtained by the City of Phoenix Police Department pertaining to this matter states, in relevant part, that the investigation against the Plaintiff stemmed from a disparaging, unsolicited e-mail sent on July 17, 2008 by unknown suspects. Said e-mail was sent to six Phoenix police homicide detectives' work e-mail addresses on their assigned work computers from an email address known as heather.polombo@alive.com.

22. Heather Polumbo and Sergeant Mike Polumbo suspect that former Phoenix police homicide detective, Officer Dave Barnes and or current Phoenix police homicide Sergeant Karen Vance may have sent the disparaging and defamatory e-mail to the Phoenix police homicide detectives because Dave Barnes and Karen Vance allegedly have a personal and/or professional vendetta against both Heather Polumbo and Mike Polumbo.

23. During the course of investigating unauthorized dissemination of the disparaging e-mail, the city of Phoenix Police Department learned that unknown suspects stole City of Phoenix Police Department homicide name plates issued to Heather Polumbo and Mike Polumbo between the dates of October 3, 2008 and October 6, 2008.

24. The City of Phoenix Police Department believes that Dave Barnes provided photographs of the stolen nameplates to Plaintiff and that Plaintiff posted photographs of the stolen nameplates on the Badphoenixcops website. The City of Phoenix Police Department also believed that Plaintiff possessed the stolen name plates.

25. The City of Phoenix Police Department also believes that Plaintiff posted on the Badphoenixcops website blog photographs of Mr. and Mrs. Potato Head with the stolen name plates to harass Heather and Mike Polombo.

26. On March 12, 2009, officers with SID served the warrant on Plaintiff's residence. Plaintiff was not home at the time. Upon information and belief, SID intentionally waited until Plaintiff left town for a business trip to San Diego, California before executing the warrant on March 12, 2009.

27. Prior to the search, Plaintiff's roommate Christine Lavan ("Christine") was leaving the house when SID arrived. SID took Christine into custody and immediately handcuffed her and returned her to inside of the residence. During the search, unknown officers restrained Christine and denied her access to counsel despite making multiple requests to speak with an attorney.

28. Additionally, the officers continued to question Christine, without advising of her Miranda Rights or without allowing her to speak with counsel.

29. SID removed all electronic data storage devices, computers (including Plaintiff's business laptop and all electronic data related to his personal business), modems, wireless routers, thumb drives and even entered Plaintiff's personal safe to remove documents and personal identification not pertinent to any investigation. SID also removed paperwork and other documents not listed under the warrant.

30. Since the service of the search warrant and the seizure of Plaintiff's property, Plaintiff has yet to be contacted by any SID Officers involved with the

investigation regarding the alleged charges pending against him (the alleged basis for the search of his home and seizure of his property).

31. Upon information and belief, SID's investigation is centered upon Mr. Pataky and a Phoenix Police Officer named Dave Barnes.

32. The inclusion of Plaintiff in the investigation of Officer Barnes and resulting search of Plaintiff's residence was purposefully ordered by Chief Harris in retaliation for Plaintiff's ongoing efforts to expose the corrupt nature of the City of Phoenix Police Department and its management officials.

33. The inclusion of Plaintiff in the investigation of Officer Barnes and resulting search of Plaintiff's residence was designed to harass and intimidate Plaintiff and curb Plaintiff's first amendment rights to free speech and is both unconstitutional and unconscionable.

34. During the search of Plaintiff's residence, officers seized all documents pertaining to Plaintiff's District Court lawsuit, including privileged communications with Plaintiff's counsel and all recordings and evidence relating to the District Court case. Seizure of these documents and communications are in violation of Plaintiff's constitutional rights.

35. Plaintiff has done nothing to place any member of the City of Phoenix Police Department in danger. He has not posted home addresses, phone numbers, pictures of officers' residences, or any other picture that was not readily available on the Internet with a minimal level of research.

36. Plaintiff's actions do not amount to computer tampering or theft in any way shape or form. SID's raid of Plaintiff's home is nothing more than intentional harassment and retaliation for speaking out against a corrupt public official and his subordinates.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983-ABUSE OF PROCESS

37. Plaintiff incorporates each and every allegation above as it fully set forth herein.

38. The Defendants are individuals, entities and municipalities acting under color of state law.

39. The Defendants, individually and collectively, included Plaintiff in the investigation of Officer Barnes in order to use the search-warrant process to harass and intimidate Plaintiff.

40. The Defendants obtained a search warrant, searched Plaintiff's residence and confiscated his property in retaliation for Plaintiff's ongoing efforts to expose the corrupt nature of the City of Phoenix Police Department and its management officials.

41. By doing so, the Defendants deprived Plaintiff of his substantive due process rights, and his First, Fourth and Fourteenth Amendment Rights.

42. The Defendants acted with malice and without probable cause and in doing so deprived Plaintiff of his constitutional rights.

43. As a result of Defendants' conduct, Mr. Plaintiff incurred financial, economic, emotional and other damages in an amount to be proven at trial.

44. The actions of the Defendants were entered into with an evil mind and therefore, punitive damages are appropriate.

## COUNT TWO
## ABUSE OF PROCESS

45. Defendants willfully and unjustly included Plaintiff in the investigation of Officer Barnes in order to use the search-warrant process to harass and intimidate Plaintiff.

46. The Defendants obtained a search warrant, searched Plaintiff's residence and confiscated his property in retaliation for Plaintiff's ongoing efforts to expose the corrupt nature of the City of Phoenix Police Department and its management officials.

47. These actions were not warranted, and were used to accomplish a purpose for which this process was not designed.

48. As a direct result of Defendants' abuse of process, Plaintiff suffered damages.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Defendants acted intentionally and recklessly by including Plaintiff in the investigation of Officer Barnes which resulted in the search of Plaintiff's residence.

///

51. The Defendants' intentional harassment of Plaintiff rises to the level of "extreme and outrageous" conduct as to warrant recovery on the basis of intentional infliction of emotional distress.

52. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress.

## COUNT FOUR
## HARASSMENT

53. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54. The Defendants purposefully and willfully used their positions as employees of the City of Phoenix and City of Phoenix Police Department to harass Plaintiff for exercising his first amendment rights to free speech and his participation in uncovering police corruption and posting about it on his Badphoenixcops blog.

55. The Defendants intentionally and knowingly caused a search warrant to be issued against Plaintiff and his residence with the express purpose of harassing Plaintiff for participating in the exercise of constitutionally protected activities.

56. As a result of Defendants actions, Plaintiff has suffered physical, economic and emotional damages in an amount to be proven at trial.

57. The actions of the Defendants were entered into with an evil mind and therefore, punitive damages are appropriate.

## COUNT FIVE
## VIOLATION OF PRIVACY PROTECTION ACT OF 1980 (42 U.S.C. aa 2000 et.seq.)

58. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

59. The Plaintiff was engaged in activities protected by the First Amendment.

60. The Privacy Protection Act prohibited the Defendants from searching or seizing the writings and documents of the Plaintiff "reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communications."

61. The Defendants failed to utilize a grand jury subpoena or seek the voluntary cooperation of the Plaintiff to obtain what was seized from the Plaintiff.

62. As a direct and proximate result of Defendants' actions, Plaintiff has suffered actual damages in an amount to be proven at trial, as well as, punitive damages.

## COUNT SIX
## VIOLOATION OF ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA)
## (18 U.S.C. § 2511 et. seq.)

63. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

64. The Plaintiff was engaged in activities protected by the ECPA.

65. The ECPA sets out the provision for access, use, disclosure, interception and privacy protection of electronic communications.  Electronic communications "means any transfer of signs, signals, writing, images, sounds, data, or intelligence of

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

1 any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo

2 electronic or photo optical system that affects interstate or foreign commerce."

3     66.    The Defendants in this matter have intentionally intercepted the

4 electronic communications of Plaintiff which affected interstate commerce.

5     67.    As a direct and proximate result of Defendants actions, Plaintiff has

6 sustained actual damages in an amount to be proven at trial, as well as, punitive

7 damages.

8     **WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of

9 them, as follows:

10     A.    For compensatory damages, plus special and incidental damages in such

11 a sum as may be proven at trial;

12     B.    For punitive damages in an amount to be proven at trial;

13     C.    For costs for the suit;

14     D.    For attorney's fees; and

15     E.    For other such relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 17th day of July, 2009.

                **LORONA STEINER DUCAR, LTD.**

        BY: /s/ Jess A. Lorona
           Jess A. Lorona, Esq.
           Gregory E. McClure, Esq.
           Attorneys for Plaintiff

**LORONA STEINER DUCAR, LTD.**
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012-3909
(602) 277-3000